IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT COLEMAN                                                                          PETITIONER

v.                          Case No. 5:10CV00248 JMM-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Robert Coleman on August 23, 2010 (DE #2, Petition). Respondent filed a response on September 8, 2010 (DE #6, Response). Petitioner did not avail himself of the opportunity to file a reply (DE #7, Order). After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be dismissed with prejudice.

### **Background**

Coleman pleaded *nolo contendere* to the charges of second degree sexual assault and rape.

On November 30, 2009, an Arkansas County Circuit Court convicted Coleman of those charges and sentenced him to 240 months in the Arkansas Department of Correction. By pleading *nolo contendere*, Petitioner waived his right to a direct appeal under Arkansas law. Ark. R. App. P. — Crim. 1(a); *Pickett v. State*, 301 Ark. 345, 346, 783 S.W.2d 854, 855 (1990) (In Arkansas, the general rule is that, "there shall be no appeal from . . . nolo contendere."). There is no evidence or allegation that he sought any post-conviction relief in state court.

Petitioner now brings this federal habeas petition, arguing that (1) he was not informed he could appeal; (2) the evidence against him was insufficient because no DNA evidence was submitted; (3) he was coerced into falsely incriminating himself by threats "over and over" that he would serve life in prison (DE #2, Petition, p. 2). Respondent admits Petitioner is in his custody and that there are currently no non-futile state remedies available to him (DE #6, Response). However, Respondent avers Petitioner is not entitled to habeas relief.

**Discussion**

It is undisputed that Petitioner timely filed his habeas petition on August 23, 2010. At issue is whether Petitioner's claims are procedurally defaulted due to his failure to present them to the state courts. Respondent asserts that the claims are procedurally defaulted for this reason, and the Court agrees.

Before seeking federal relief under 28 U.S.C. § 2254, a petitioner ordinarily must "fairly present" the federal claim to the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). If

the claim has not been fairly presented, it is procedurally defaulted, unless the petitioner can show both cause and prejudice or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice[1]. *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

In Arkansas, the plea of *nolo contendere* "is an admission of guilt in the criminal case." *Seaton v. State*, 324 Ark. 236, 237, 920 S.W.2d 13, 14 (1996); *see also Hudson v. United States*, 272 U.S. 451 (1926). The Arkansas criminal rules governing pleas make no distinction between a plea of guilty and one of *nolo contendere*, and Arkansas has a procedural rule that bars the appeal of such pleas, unless the plea was a "conditional plea."[2] Further, a state prisoner may challenge a judgment founded on a plea of *nolo contendere* in a proceeding under Arkansas's post-conviction rule—Arkansas Rule of Criminal Procedure 37. *See Seaton v. State*, 324 Ark. at 237, 920 S.W.2d at 14.

Here, Petitioner's challenge to the sufficiency of the evidence is not cognizable because of his *nolo contendere* plea.[3] By entering a plea of *nolo contendere*, Petitioner waived all non-

---

[1]Usually, "fundamental miscarriage of justice" means innocence of the offense(s) of conviction. *See Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005).

[2]Arkansas Rule of Criminal Procedure 24.3 states that, "[w]ith the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment," to review pretrial denial of a motion (1) to suppress seized evidence or a custodial statement; (2) to dismiss a charge for violation of speedy trial; or (3) challenging the constitutionality of a statute defining the offense with which the defendant is charged.

[3]"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Thundershield v. Solem*, 565 F.2d 1018, 1026 (8th Cir. 1977). The petitioner is barred from challenging the claims of error

jurisdictional challenges. *See O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988); *United States v. Bahur*, 200 F.3d 917, 923 (6th Cir. 2000). Additionally, Petitioner did not file a Rule 37 motion alleging either that his *nolo contendere* plea was in any way invalid[4] or the result of coercion. Therefore, the state courts had no opportunity to decide Petitioner's claims on the merits because he failed to present them in a timely or procedurally correct manner.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). Petitioner makes no claim of innocence, and to the extent the Court can read the petition to make an ineffective assistance of counsel claim, Petitioner cannot use such a claim to establish cause for procedural default because the claim was neither raised nor addressed by the state court. *See Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Accordingly, Petitioner's claims are procedurally barred from federal consideration.

---

prior to the entry of the *nolo contendere* plea.

[4]To the extent Petitioner's argument that he was not informed of his right to appeal constitutes an ineffective assistance of counsel claim, the argument lacks merit because, by entering a plea of *nolo contendere*, he could not appeal his sentence under Ark. R. App. P.—Crim 1, except for an agreed upon conditional plea. Petitioner does not contend, and the record does not reflect, that Petitioner's plea of *nolo contendere* was conditional.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (DE #2) be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 14th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE